UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES N. KAMINSKI, *et al.*,

        Plaintiffs,

                                          Case No. 15-cv-12810
                                          Honorable Gershwin A. Drain

v.

BRAD COULTER, *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE FIRST AMENDED AND VERIFIED COMPLAINT [#90]

### I. INTRODUCTION

Presently before the Court is the Plaintiffs' Motion to File First Amended and Verified Complaint, filed on July 5, 2016. This matter is fully briefed and the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the present motion on the submitted briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant in part and deny in part Plaintiffs' Motion to File First Amended and Verified Complaint.

### II. BACKGROUND

On August 8, 2015, Plaintiffs filed a Complaint alleging that various

Defendants had violated their constitutional rights under the Contract clause, the Due Process Clause and the First Amendment. The Complaint alleged damages stemming from the appointment of an Emergency Manager, Defendant Brad Coulter, for the City of Lincoln Park and Coulter's subsequent orders replacing retiree healthcare with stipends.

In lieu of responding to the Complaint, the Police and Fire Retirement Commission Defendants, the Municipal Employees Retirement Commission Defendants and the State Treasurer Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On May 5, 2016, this Court issued an Opinion and Order on the parties' pending Rule 12(b)(6) motions. Relevant to the instant motion, the Court dismissed Count II, or Plaintiffs' First Amendment right to petition the Government claim in its entirety. The Court's Opinion and Order concluded that Plaintiffs failed to state a First Amendment claim because they did not allege that they have been prevented from petitioning the Government. *See* Dkt. No. 79 at 16.

### III. LAW & ANALYSIS

#### A. Standard for Amendments

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It states in relevant part:

**(a)   Amendments Before Trial**.
 (1) *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it,
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
   (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).  Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

### B.  Proposed Count II

Plaintiffs' proposed Count II entitled "Violation of First Amendment Rights to Petition Government and Present Grievances," is nearly identical to Count III in Plaintiffs' original complaint, which was dismissed by this Court's May 5, 2016 Opinion and Order.  Thus, the law of the case doctrine bars Plaintiffs from reasserting this claim.  "Under the law-of-the-case-doctrine, a court generally may not revisit an issue that it decided, whether expressly or by necessary implication from its

disposition, at an earlier stage of the proceedings; rather, once a court has decided an issue, the court should usually give effect to that decision throughout that litigation." *Chirco v. Gateway Oaks, LLC*, No. 02-cv-73188, 2005 WL 2284218, *4 (E.D. Mich. Aug. 26, 2005). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citing 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice P0.404[1], p. 118 (1984)). "[T]he doctrine applies only to issues that have been decided explicitly (or by necessary implication) by a court." *Bowles v. Russell*, 432 F.3d 668, 676-77 (6th Cir. 2005).

However, the rule is discretionary and does not limit a court's power to revisit previously resolved issues if the circumstances warrant it. *Id.* "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* "An intervening change in controlling law between the date of the first ruling and the date that it is revisited would constitute" an extraordinary circumstance. *Chirco*, 2005 WL 2284218, at *4 (citing *Amen v. City of Dearborn*, 718 F.2d 789 (6th Cir. 1983)).

The Court finds no extraordinary circumstances warrant disturbing its earlier

decision to dismiss Plaintiffs' First Amendment claim. Plaintiffs have not remedied the pleading deficiencies identified by this Court in its May 5, 2016 Opinion and Order. Specifically, this Court concluded that Plaintiffs failed to state a valid First Amendment claim because they fail to allege that they have been prevented from petitioning the government. In their proposed First Amendment claim, Plaintiffs add subsections (f) and (g) to their allegations, which state:

> f. The collected retirees of Lincoln Park – most of whom are 70-years and older at this time – now have neither the financial resources nor the physical abilities to "petition" the same State Legislature that passed 2012 P.A. 436.
> g. In addition, even if a small group of retirees attempted to mount a state-wide campaign, P.A. 436 at M.C.L. 141.1575 "appropriated" funds to a State agency to circumvent the State constitution and prevent another referendum. In sum, the retirees have been told by the state to bypass medical treatment and simply "eat cake."

Dkt. 90 at 20-21. The proposed additional allegations do not explain how Plaintiffs were actually prevented from petitioning the Government. While it may be more difficult for an older individual to petition the Government compared with a younger activist, this does not amount to a denial of the right to petition the Government. Moreover, the Court notes that in its May 5, 2016 Opinion and Order, it relied on an Opinion from this district which soundly rejected a similar challenge to P.A. 436. See Phillips v. Snyder, No. 13-cv-11370, 2014 U.S. Dist. LEXIS 162097 (E.D. Mich. Nov. 19, 2014). The *Phillips* decision was recently affirmed by the Sixth Circuit

Court of Appeals. *See Phillips v. Snyder*, No. 15-2394 (6th Cir. Sep. 12, 2016). Plaintiff's First Amendment claim is futile, therefore amendment to add this claim will be denied.

### C.  Proposed Count IV

Proposed Count IV is entitled "Violation of Plaintiffs' Rights Under the 14th Amendment to the United States Constitution Actionable under 42 U.S.C. § 1986 Re: Post-Retirement Trust."  However, Count III already alleges an unconstitutional taking of the same property right without due process.  As such, this proposed amendment adds no substance to the original allegations.  The objective of the judicial process is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  Adding proposed Count IV is redundant and will not advance the objectives of the judicial process, therefore amendment to add this count is futile and will likewise be denied.

### D.  Removal of Dismissed Parties

In addition to the proposed Counts discussed *infra*, Plaintiffs also seek leave to amend in order to remove the two City pension boards and individuals named therein from the pleadings consistent with this Court's May 5, 2016 Opinion and Order.  The Court will permit this aspect of Plaintiffs' proposed amendment for judicial economy purposes.

## IV.  CONCLUSION

For the reasons that follow, Plaintiffs' Motion to file First Amended and Verified Complaint [#90] is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated: October 3, 2016          /s/Gershwin A Drain
                                GERSHWIN A. DRAIN
                                UNITED STATES DISTRICT JUDGE